IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CECIL JACKSON, on behalf of himself )
and others similarly situated, )
 )
    Plaintiff, )
 )
v. )  Civil Action No.:
 )
FLORITE PLUMBING AND LEAK )
DETECTION, LLC, )
and KENNETH MOON, )
 )
    Defendants. )
 )

## **COMPLAINT**

COMES NOW the Plaintiff, CECIL JACKSON ("PLAINTIFF"), on behalf of himself and others similarly situated, and files this Complaint against DEFENDANTS, FLORITE PLUMBING AND LEAK DETECTION, LLC and KENNETH MOON (collectively "DEFENDANTS"), respectfully stating unto the Court the following:

## **GENERAL ALLEGATIONS**

1. This is a cause of action to recover back pay, liquidated damages, attorney's fees, costs of litigation and other relief from DEFENDANTS for violations of the Fair Labor Standards Act ("FLSA").

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT FLORITE PLUMBING AND LEAK DETECTION, LLC was a Florida corporation that provided plumbing services in North Central Florida, including Alachua County, Florida.

4. At all material times, DEFENDANT KENNETH MOON operated FLORITE

PLUMBING AND LEAK DETECTION, LLC, and PLAINTIFF performed work for DEFENDANTS in Gainesville, Florida.

**BACKGROUND**

5. PLAINTIFF brings this action to require DEFENDANTS to pay back wages owed to PLAINTIFF, which DEFENDANTS failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

6. Upon information and belief, at all relevant times, with respect to FLORITE PLUMBING AND LEAK DETECTION, LLC, DEFENDANT MOON had responsibility for hiring and firing employees, supervising or controlling work schedules and conditions of employment, and/or making pay decisions.

7. Upon information and belief, at all relevant times, DEFENDANTS had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce that were used to provide commercial and residential plumbing services.

8. At all relevant times, DEFENDANTS were employers as defined at 29 U.S.C. § 203.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

10. In or around February 2018, DEFENDANTS hired PLAINTIFF to work as a plumber's assistant at a rate of pay of $10 per hour. He continued in that capacity until DEFENDANT FLORITE PLUMBING AND LEAK DETECTION, LLC ceased operations.

11. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and

one-half when they work more than 40 hours per week.

12. Throughout his employment, PLAINTIFF worked over 40 hours per week, but was paid only straight pay for the hours he worked in excess of 40 despite the FLSA's requirement that he be paid time and one-half for the hours he worked above 40. Upon information and belief, this was pursuant to a common scheme by KENNETH MOON who had a policy pursuant to which he would not pay overtime.

13. The proposed class of additional individuals includes plumber's assistants and some who eventually became plumbers, who, like PLAINTIFF, were paid only straight time when they worked more than 40 hours per week.

14. Upon information and belief, DEFENDANTS have, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF and those similarly situated at a rate of one and one-half times their usual hourly rate when they worked more than 40 hours per week.

15. PLAINTIFF and those similarly situated are therefore owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANTS, who willingly and knowingly withheld those wages for the benefit of themselves.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

16. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

17. Upon information and belief, with regard to FLORITE PLUMBING AND LEAK DETECTION, LLC, DEFENDANT KENNETH MOON had daily responsibility for hiring and firing employees, supervising or controlling work schedules and conditions of employment, and/or making pay decisions.

18. At all relevant times, DEFENDANTS were employers within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and are subject to the provisions of the Act.

19. PLAINTIFF and those similarly situated were, at all relevant times non-exempt employees of DEFENDANTS, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work for which they did not receive appropriate compensation.

20. During employment with DEFENDANTS, PLAINTIFF performed work for which he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANTS violated the overtime provisions of the Fair Labor Standards Act by not paying PLAINTIFF time and one-half when he worked more than 40 hours in a week. With regard to other employees, DEFENDANTS also violated the minimum wage provisions of the Act by not paying them at least minimum wage for every hour worked. The overtime violation also occurred with regard to those similarly situated.

21. Upon information and belief, DEFENDANTS' pay system was unilaterally imposed upon PLAINTIFF and those similarly situated by DEFENDANTS.

22. DEFENDANTS' failure to properly compensate PLAINTIFF and those similarly situated was a willful and knowing violation of the Act.

23. As a result of DEFENDANTS' willful and knowing failure to properly compensate PLAINTIFF and those similarly situated, they have suffered substantial delay in receipt of wages owed and damages.

24. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANTS owe PLAINTIFF and those

similarly situated compensation at a rate of one and one-half times their agreed hourly rate for the overtime hours they worked, minimum wage for the hours they worked unpaid, and an additional equal amount to those sums as liquidated damages, together with an additional amount for attorney's fees and costs of litigation.

25. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF and those similarly situated demand judgment against DEFENDANTS and respectfully pray the Court that they will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANTS' violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated: July 8, 2020

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.: 92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF